14-4445(L)
*Shinnecock Indian Nation v. New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand fifteen.

PRESENT: CHESTER J. STRAUB,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

---

THE SHINNECOCK INDIAN NATION,

*Plaintiff-Appellant,*

-v.-                                        Nos. 14-4445(L), 14-4447(CON)

THE STATE OF NEW YORK, ANDREW CUOMO, in his individual capacity and as Governor of the State of New York, COUNTY OF SUFFOLK, NEW YORK, TOWN OF SOUTHAMPTON, NEW YORK, TRUSTEES OF THE PROPRIETORS OF THE COMMON AND UNDIVIDED LANDS OF THE TOWN OF SOUTHAMPTON, AKA TRUSTEES OF THE

PROPRIETORS OF THE COMMON AND
UNDIVIDED LANDS AND MARSHES (OR
MEADOWS), IN THE TOWN OF
SOUTHAMPTON, TRUSTEES OF THE
FREEHOLDERS AND COMMONALITY OF THE
TOWN OF SOUTHAMPTON, AKA TRUSTEES
OF THE COMMONALITY OF THE TOWN OF
SOUTHAMPTON, SHINNECOCK HILLS GOLF
CLUB, NATIONAL GOLF LINKS OF AMERICA,
PARRISH POND ASSOCIATES, LLC, PARRISH
POND CONSTRUCTION COROPRATION, PP
DEVELOPMENT ASSOCIATES, LLC, SEBONAC
NECK PROPERTY, LLC, SOUTHAMPTON
GOLF CLUB INCORPORATED, 409 MONTAUK,
LLC, SOUTHAMPTON MEADOWS
CONSTRUCTION CORPORATION, LONG
ISLAND RAILROAD COMPANY, LONG
ISLAND UNIVERSITY,

*Defendants-Appellees.*

---

FOR APPELLANT:      DARCIE L. HOUCK, (Steven J. Bloxham, *on the brief*),
                    Fredericks Peebles & Morgan LLP, Sacramento, CA.

FOR APPELLEES:      JEFFREY W. LANG, Assistant Solicitor General
                    (Barbara D. Underwood, Solicitor General, Andrew D.
                    Bing, Deputy Solicitor General, *on the brief*), *for* Eric T.
                    Schneiderman, Attorney General of the State of New
                    York, Albany, NY, *for State Defendants-Appellees.*

                    Michael S. Cohen, Nixon Peabody LLP, Jericho, NY, *for
                    All Defendants-Appellees Other Than State Defendants-
                    Appellees and Long Island Railroad Company.*

2

Dwight A. Healy, Holwell Shuster & Goldberg LLP, New York, NY, *for Defendant-Appellee Long Island Railroad Company.*

Appeal from the United States District Court for the Eastern District of New York (Platt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant the Shinnecock Indian Nation ("Nation") appeals from a judgment of the United States District Court for the Eastern District of New York, granting Defendants-Appellees' motion to dismiss the Nation's action arising under federal common law and the Nonintercourse Act, 25 U.S.C. § 177 ("NIA"). *See Shinnecock Indian Nation v. New York*, No. 05-CV-2887 TCP, 2006 WL 3501099 (E.D.N.Y. Nov. 28, 2006). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.[1]

---

[1] We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all well-pled factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Dismissal is appropriate if the complaint fails to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). When the district court takes notice of facts outside a complaint, we review that

The District Court held that the Nation's claims are foreclosed by the equitable considerations, including laches, crystallized in *City of Sherrill v. Oneida Indian Nation of New York*, 544 U.S. 197 (2005), and *Cayuga Indian Nation of New York v. Pataki*, 413 F.3d 266 (2d Cir. 2005). *See Oneida Indian Nation of New York v. Cnty. of Oneida*, 617 F.3d 114, 117 (2d Cir. 2010) (confirming applicability of equitable defenses to ancient possessory land claims). We find no error in the District Court's holding.

The Nation argues that *Cayuga*, 413 F.3d 266, and *Oneida*, 617 F.3d 114, are abrogated by *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014). This argument is foreclosed by *Stockbridge-Munsee Community v. New York*, 756 F.3d 163, 166 (2d Cir. 2014) (per curiam), *cert. denied*, 135 S. Ct. 1492 (2015), which specifically addressed this question.

---

decision for abuse of discretion. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424 (2d Cir. 2008).

We have considered all of the Nation's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk